UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MORION DAWSON, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:14 CV 1235 CDP |
| | ) | |
| IAN WALLACE, | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Missouri state prisoner Morion Dawson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, I will deny the petition.

## Procedural History

Dawson is currently incarcerated at the Southeast Correctional Center (SECC) in Charleston, Missouri, pursuant to a judgment and sentence of the Circuit Court of St. Louis County, Missouri.[1] On August 2, 2012, Dawson pled guilty to one count of burglary first degree, two counts of robbery first degree, and three counts of armed criminal action. With the plea, the State dismissed a separate count of assault first degree and a related count of armed criminal action.

---

[1] Because Jason Lewis is currently the warden at SECC, he will be substituted for Ian Wallace as proper party respondent. *See* Rule 2(a), Rules Governing Section 2254 Cases in United States District Courts.

On August 16, 2012, the court sentenced Dawson to fifteen years' imprisonment for burglary, and to twenty years' imprisonment on each of the five remaining counts, with all terms to be served concurrently. Dawson thereafter filed a motion for post-conviction relief under Missouri Rule 24.035, arguing that he received ineffective assistance of plea counsel for counsel's failure to properly advise him regarding the amount of his sentence he would be required to serve before becoming eligible for parole. The motion court denied Dawson's post-conviction motion on June 20, 2013, without an evidentiary hearing. On March 4, 2014, the Missouri Court of Appeals affirmed the motion court's denial of post-conviction relief. *Dawson v. State*, 423 S.W.3d 314 (Mo. Ct. App. 2014).

Dawson timely filed this petition for writ of habeas corpus on July 9, 2014.

**Grounds Raised**

In this habeas petition, Dawson claims that he received ineffective assistance of plea counsel when counsel failed to properly inform him regarding the amount of time he would have to serve on his sentence before becoming eligible for parole. Specifically, Dawson claims that counsel advised him that the statute requiring that he serve eighty-five percent of a sentence for a dangerous felony would not apply to any of his sentences once the assault charge was dismissed. Dawson further claims that counsel provided this misinformation in order to get Dawson to plead guilty, so that counsel would not have to prepare for trial. Dawson avers that

counsel did not prepare for trial because he had not been paid. Dawson argues that counsel therefore acted with a conflict of interest in his representation of Dawson, given that counsel's interest in getting paid conflicted with Dawson's interest in going to trial. Dawson claims that without counsel's coercion to get him to plead guilty, he would not have pled guilty and would have insisted on going to trial.

In response, respondent argues that Dawson's claim of ineffective assistance of counsel is procedurally defaulted to the extent Dawson contends that counsel acted under a conflict of interest. To the extent Dawson claims that counsel was ineffective for providing wrong information regarding parole eligibility, respondent argues that the claim is without merit.

**Standard of Review**

In order to obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in State court in accordance with State procedural rules. *Duncan v. Henry,* 513 U.S. 364 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009) (quoting *Gilmore v. Armontrout,* 861 F.2d 1061, 1065 (8th Cir. 1988)). If the petitioner failed to properly present the claim in State court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the

default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Martinez v. Ryan*, 566 U.S. 1, 10-11 (2012).

Where the State court adjudicated a claim on the merits, federal habeas relief can be granted on the claim only if the State court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). *See Williams v. Taylor*, 529 U.S. 362, 379 (2000). The federal law must be clearly established at the time petitioner's State conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court. *Id.* at 380-83.

A State court's decision is "contrary to" clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 412-13; *Carter v. Kemna*, 255 F.3d 589, 591 (8th Cir. 2001). A State court's decision is an "unreasonable application" of Supreme Court precedent if it "identifies the correct governing legal principle

from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Merely erroneous or incorrect application of clearly established federal law does not suffice to support a grant of habeas relief. Instead, the State court's application of the law must be objectively unreasonable. *Id.* at 409-11; *Jackson v. Norris*, 651 F.3d 923, 925 (8th Cir. 2011). Finally, when reviewing whether a State court decision involves an "unreasonable determination of the facts" in light of the evidence presented in the State court proceedings, a federal court must presume that State court findings of basic, primary, or historical facts are correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Rice v. Collins*, 546 U.S. 333, 338-39 (2006); *Collier v. Norris*, 485 F.3d 415, 423 (8th Cir. 2007). Erroneous findings of fact do not *ipso facto* ensure the grant of habeas relief. Instead, the determination of these facts must be unreasonable in light of the evidence of record. *Collier*, 485 F.3d at 423; *Weaver v. Bowersox*, 241 F.3d 1024, 1030 (8th Cir. 2001).

The federal court is "bound by the AEDPA [Antiterrorism and Effective Death Penalty Act] to exercise only limited and deferential review of underlying State court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003). To obtain habeas relief from a federal court, the petitioner must show that the challenged State court ruling "rested on 'an error well understood and

comprehended in existing law beyond any possibility for fairminded disagreement.'" *Metrish v. Lancaster*, 133 S. Ct. 1781, 1786-87 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)). This standard is difficult to meet. *Id.* at 1786.

## Procedural Default

Dawson claims that his plea counsel purposely provided misinformation regarding eligibility for parole because he was acting under a conflict of interest in that he had not been paid for his legal services. Although Dawson raised a claim of ineffective assistance of plea counsel in his post-conviction proceedings, he did not pursue the claim on this particular basis – that counsel was acting under a conflict of interest when advising him.

A claim must be presented at each step of the judicial process in State court in order to avoid procedural default. *Jolly v. Gammon*, 28 F.3d 51, 53 (8th Cir. 1994). To be fairly presented, the claim in State court must contain the same factual grounds and legal theories as asserted in the federal habeas petition. *Picard v. Connor,* 404 U.S. 270 (1971); *Abdullah v. Groose,* 75 F.3d 408, 411 (8th Cir. 1996). Mere similarity in claims is insufficient. *Abdullah*, 75 F.3d at 412 (citing *Duncan v. Henry*, 513 U.S. 364 (1995) (per curiam)). Broadening an ineffective assistance of counsel claim in a federal habeas proceeding to include factual bases not raised before the State court is impermissible. *See Ward v. Norris*, 577 F.3d

925, 935 (8th Cir. 2009).

Dawson failed to assert the conflict-of-interest basis of his claim in his post-conviction proceedings. This basis for his claim of ineffective assistance of counsel is therefore procedurally barred from review by this Court unless Dawson can show cause for his default and actual prejudice resulting from the alleged unconstitutional conduct, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 731-32, 750. Dawson neither asserts nor shows cause for his failure to raise this aspect of his claim in State court. Nor has Dawson presented any new evidence of actual innocence or shown that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006); *Weeks v. Bowersox*, 119 F.3d 1342, 1352-53 (8th Cir. 1997). Therefore, my refusal to entertain this procedurally defaulted portion of Dawson's claim will not result in a fundamental miscarriage of justice.

Accordingly, Dawson's claim that plea counsel acted under a conflict of interest when advising him about parole eligibility is procedurally barred from federal habeas review and will be denied.

**Merits**

To the extent Dawson argues that plea counsel was ineffective for providing misinformation regarding parole eligibility, a review of the record shows that

Dawson properly raised this claim in State court and that the Missouri Court of Appeals, upon review of the merits of the claim, denied relief. I therefore turn to the merits of this claim, exercising limited and deferential review of the underlying State court decision as required by the AEDPA.

At the time Dawson's conviction became final, the law was clearly established that the Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Hill v. Lockhart*, 474 U.S. 52 (1985), the Supreme Court held that a defendant who pled guilty upon the advice of counsel may challenge the voluntariness of that plea through a claim of ineffective assistance of counsel. *Id.* at 56-57.

To be entitled to habeas relief on this claim, Dawson must show that his attorney's performance was not within the range of competence demanded of attorneys in criminal cases. *Hill*, 474 U.S. at 56-57. The standard to be applied in assessing counsel's performance is that set out in *Strickland*. *Id.* at 58. Accordingly, Dawson must demonstrate that: 1) his counsel's performance was deficient, and 2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. To establish prejudice in the context of a guilty plea, Dawson must show a reasonable probability that but for counsel's error, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59.

The Missouri Court of Appeals found that Dawson sufficiently allowed that counsel's performance was deficient because he alleged that counsel affirmatively misrepresented that the Missouri statute that required service of eighty-five percent of a sentence for a dangerous felony did not apply to Dawson in the circumstances of his case. *Dawson*, 423 S.W.3d at 317. The court of appeals determined, however, that Dawson was not prejudiced by this deficient performance and thus could not obtain relief on his claim of ineffective assistance. *Id.* For the following reasons, this decision was neither contrary to, nor involved an unreasonable application of, clearly established federal law. Dawson's habeas claim therefore fails.

Dawson pled guilty to six counts of the indictment, including two counts of robbery first degree. At the plea proceeding, the prosecutor stated on the record that the range of punishment for robbery first degree was a minimum of ten years to thirty years, to life imprisonment. (Resp. Exh. A at 35.) The prosecutor then stated that Dawson would have to serve eighty-five percent of his sentences for each count of first degree robbery: "Your Honor, Counts 5 and 7, Robbery First Degree Counts, Class A Felonies, have a statutory requirement that the defendant serve a minimum, or at least 85 percent of any sentence he receives under Counts 5 and 7, Robbery First Degree Counts[.]" (*Id.* at 35-36.) When the trial court asked Dawson if he understood that the court could impose any sentence within any

range of punishment permitted by law, Dawson said that he did. (*Id.* at 35.) Dawson also stated that no promises had been made regarding what his sentence would be. (*Id.*) At the conclusion of the proceeding, the court asked Dawson if he had any questions, and Dawson stated that he did not. (Resp. Exh. A at 36.)

On August 16, 2012, the court sentenced Dawson to concurrent terms of imprisonment aggregating twenty years, including a twenty-year term of imprisonment on each count of first degree robbery. (Resp. Exh. A at 38.) Dawson testified at the proceeding that the sentence imposed was what he expected under his plea agreement with the State, and that his counsel did not make any promises to induce him to enter a guilty plea. (*Id.* at 41.) At no time did Dawson raise any question about the prosecutor's statement made at the plea proceeding that he was required by statute to serve eighty-five percent of his sentences for first degree robbery.

The Missouri Court of Appeals determined that Dawson's plea was not rendered involuntary by counsel's alleged misinformation regarding the eighty-five percent rule because Dawson failed to show any prejudice. The court noted that Dawson was advised during the guilty plea proceeding that he would be required to serve eighty-five percent of his sentences for first degree robbery, stated to the court that he understood, and had no questions regarding his potential sentence. *Dawson*, 423 S.W.3d at 318. A petitioner's statements made in open court

indicating that he understood what he was doing "'carry a strong presumption of verity.'" *Porter v. Lockhart*, 925 F.2d 1107, 1111 (8th Cir. 1991) (quoting *Blackledge v. Allison,* 431 U.S. 63, 74 (1976)).

After being provided with this information, Dawson proceeded with the plea and expressly pled guilty to each of the first degree robbery charges. By continuing with his plea after expressly acknowledging the potential range of punishment and that he was required to serve eighty-five percent of the sentences imposed for first degree robbery, Dawson cannot show that he was prejudiced by counsel's misinformation that the statute did not apply to him. *See Premachandra v. United States,* 101 F.3d 68, 69 (8th Cir. 1996) (trial counsel's misinformation that movant would not serve lengthy prison term insufficient to show involuntary guilty plea because, in relevant part, movant expressly acknowledged at plea proceeding the potential sentence he faced); *United States ex rel. Dean v. Wyrick,* 426 F. Supp. 1195, 1201 (E.D. Mo. 1976) (petitioner cannot succeed on claim that counsel promised a lesser sentence where record showed court advised petitioner of the terms of sentence and petitioner stated he understood). *See also United States v. Has No Horses,* 261 F.3d 744, 749 (8th Cir. 2001). Because Dawson cannot show prejudice on account of counsel's deficient performance, he has failed to establish that ineffective assistance of counsel rendered his guilty plea involuntary.

The Missouri Court of Appeals' determination that counsel's misinformation regarding parole eligibility did not render Dawson's plea involuntary was not contrary to nor an unreasonable application of Supreme Court precedent. Nor has Dawson demonstrated that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Accordingly, Dawson's claim that ineffective assistance of counsel rendered his guilty plea involuntary is denied.

## Certificate of Appealability

Under 28 U.S.C. § 2253, an appeal may not be taken to the court of appeals from the final order denying habeas relief in a § 2254 proceeding unless a circuit justice or judge issues a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A). To grant such a certificate, the justice or judge must find a substantial showing of the denial of a federal constitutional right. 28 U.S.C. § 2253(c)(2); *see Tiedeman v. Benson,* 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris,* 133 F.3d 565, 569 (8th Cir. 1997). I find that reasonable jurists could not differ on Dawson's claim of ineffective assistance of plea counsel, so I will deny a Certificate of Appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Jason Lewis is substituted for Ian Wallace as proper party respondent.

**IT IS FURTHER ORDERED** that Morion Dawson's petition for writ of habeas corpus [1] pursuant to 28 U.S.C. § 2254 is denied.

**IT IS FURTHER ORDERED** that a Certificate of Appealability will not issue in this action because petitioner has not made a substantial showing of a denial of a constitutional right.

A separate Judgment is filed herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of August, 2017.